United States Court of Appeals,

Fifth Circuit.

No. 91–5810

Summary Calendar.

R. Nelson Brunnemann, Plaintiff–Appellee Cross–Appellant,

v.

Terra International, Inc., Defendant–Appellant Cross–Appellee.

Oct. 16, 1992.

Appeals from the United States District Court for the Western District of Texas.

Before THORNBERRY, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

THORNBERRY, Circuit Judge:

After Nelson Brunnemann was terminated from his employment with Terra International Inc., he brought suit in district court for age discrimination and negligent infliction of emotional distress under Texas law. The district court dismissed the claim for negligent infliction of emotional distress and after a jury trial, the district court found in favor of Brunnemann, awarding him $100,000 in compensatory damages and an additional $100,000 in liquidated damages. The district court declined to grant Terra's motions for new trial, remittitur or modification of reinstatement. Terra appeals these rulings and contends that the damages awarded were excessive in light of the evidence presented during trial and that the district court abused its discretion in ordering reinstatement of the Plaintiff. Brunnemann cross-appeals on the district court's decision to dismiss his claim for negligent infliction of emotional distress. We affirm the dismissal of the claim for negligent infliction of emotional distress as well as Brunnemann's reinstatement, however, finding merit in Terra's claim that the damages were excessive, we reverse the denial of motion for remittitur and remand to the district court to give plaintiff an opportunity to remit. If plaintiff refuses to remit, a new trial will be held on the issue of damages.

I. Facts and Prior Proceedings

In October of 1987, Plaintiff Brunnemann was the Location Manager for Terra International, Inc. ("Terra"), in Pearsall, Texas. Shortly thereafter, Brunnemann was given the opportunity to choose between being terminated or demoted to position of Senior Sales Representative until the end of June, 1988 when his retirement would vest. He chose the demotion and filed an action with the EEOC. Brunnemann was ultimately terminated on August 31, 1988.[1] On September 21, 1989, Brunnemann filed suit in district court under the federal Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., seeking recovery for age discrimination in discharge. Brunnemann also raised a claim under Texas law for negligent infliction of emotional distress. This claim was dismissed by the district court as being preempted by the ADEA. After trial by jury, Brunneman was awarded $100,000 in compensatory damages and an additional $100,000 in liquidated damages because the jury found Terra's violation of the ADEA to be willful.[2] Terra moved for a new trial arguing that the jury displayed passion and prejudice in reaching its verdict.[3] Terra alternatively moved for remittitur arguing that the verdict was excessive in light of the evidence presented at trial. Terra also moved to modify the order of reinstatement which placed Brunnemann back in his former management position in Pearsall. Terra urged the court to allow reinstatement in a comparable but not identical position of employment. The district court denied the motions and both Terra and Brunnemann appealed.

## II. Discussion

[1] By mid-October 1988, Brunnemann had secured employment with Mid–Valley Chemical. After Mid–Valley experienced financial difficulty in Brunnemann's sales territory, he voluntarily quit on August 31, 1990. Brunnemann was not employed from September 1, 1990 through the completion of trial, April 24, 1991.

[2] Under the ADEA, an aggrieved party is entitled to "[a]mounts owing ... as a result of a violation," which includes wages, fringe benefits, and other job-related benefits, as well as liquidated damages for willful violations. 29 U.S.C. § 626(b). Victims of age discrimination are also entitled to "such legal or equitable relief as may be appropriate," which includes reinstatement. 29 U.S.C. § 626(b). In addition, the ADEA provides for trial by jury "of any issue of fact in any such action for recovery of amounts owing as a result of a violation of this chapter." 29 U.S.C. § 626(c)(2).

[3] During deliberations, the jury sent a note to the district judge asking if they could award more than compensatory damages. The judge responded in the negative.

## A. *Monetary Damages*

Terra contends that the district court erred in denying its motion for new trial or in the alternative, its motion for remittitur, because the jury award was so excessive and against the great weight of the evidence as to indicate bias or prejudice by the jury. We review the denial of a motion for new trial or motion for remittitur under an abuse of discretion standard. *Deloach v. Delchamps,* 897 F.2d 815, 820 (5th Cir.1990); See *Sam's Style Shop v. Cosmos Broadcasting Corp.,* 694 F.2d 998, 1006 (5th Cir.1982). In determining whether a new trial or remittitur is the appropriate remedy, this Circuit has held that when a jury verdict results from passion or prejudice, a new trial, not remittitur is the proper remedy. *Wells v. Dallas Independent School District,* 793 F.2d 679, 683 (5th Cir.1986) (citing *Westbrook v. General Tire and Rubber Co.,* 754 F.2d 1233, 1241 (5th Cir.1985). Damage awards which are merely excessive or so large as to appear contrary to right reason, however, are subject to remittitur, not a new trial. *Id.* "When a jury's award exceed[s] the bounds of any reasonable recovery, we must suggest a remittitur ourselves or direct the district court to do so. Our power to grant a remittitur is the same as that of the district court. We determine the size of the remittitur in accordance with this circuit's "maximum recovery rule," which prescribes that the verdict must be reduced to the maximum amount the jury could properly have awarded." *Hansen v. Johns–Manville Products Corp.,* 734 F.2d 1036 (5th Cir.1984) (quoting *Caldarera v. Eastern Airlines, Inc.,* 705 F.2d 778, 784 (5th Cir.1983). With this in mind, we conclude that the district court abused its discretion when it denied Terra's motion for remittitur because the damages were excessive as a matter of law. A verdict is excessive as a matter of law if shown to exceed "any rational appraisal or estimate of the damages that could be based upon the evidence before the jury." *Kolb v. Goldring, Inc.,* 694 F.2d 869, 871 (1st Cir.1982) (quoting *Glazer v. Glazer,* 374 F.2d 390, 413 (5th Cir.), *cert. denied,* 389 U.S. 831, 88 S.Ct. 100, 19 L.Ed.2d 90 (1967)). Although the jury award in the present case is excessive, the defects in the award are readily identifiable and measurable, and do not seem to be the product of passion or prejudice, therefore remittitur would be more appropriate than a new trial on damages. *Kolb,* 694 F.2d at 875. However, if plaintiff refuses to remit, a new trial should be limited to the question of damages.

A plaintiff suing under the ADEA may recover only pecuniary losses such as wages and fringe benefits. *Kolb,* 694 F.2d at 872. Punitive damages are not allowed because damages are meant to put the plaintiff in the economic position he would have occupied but for the discrimination. *Id.* From plaintiff's wages and fringe benefits, post-termination economic benefits must be subtracted. *Id.* The jury may select the highest figures that the evidence will support, however, the jury may not speculate on damages where the calculation of the damages is definable. *Id.* "Flexibility beyond the range of the evidence will not be tolerated." *Id.* (quoting *Jamison Co. v. Westvaco Corp.,* 526 F.2d 922, 936 (5th Cir.1976).

The jury in this case found compensatory damages in the sum of $100,000.[4] This amount exceeds any rational appraisal based on the evidence presented at trial. The following totals based on monthly values from the date of termination until judgment were the maximum permissible inferences from the evidence adduced at trial:[5]

---

[4] The jury also awarded the matching sum of $100,000 in liquidated damages. Liquidated damages in an amount equal to compensatory damages are statutorily authorized when there is a finding that the defendant willfully violated the ADEA. See 29 U.S.C. §§ 216(b), 626(b). Since this court finds the compensatory award was too high, it follows that the liquidated damages award must also be reduced to correspond with the corrected compensatory damages sum. *Kolb,* 694 F.2d at 872 n. 2 (citations omitted).

[5] Brunnemann was terminated on August 31, 1988 and the date of judgment was April 24, 1991, therefore, the maximum time period for calculation of the jury award is 32 months. This Circuit recognizes that the back pay period may end when the plaintiff begins earning higher wages at his new job than he made at the terminated job. *Stephens v. C.I.T. Group/Equipment Financing, Inc.,* 955 F.2d 1023, 1029 (5th Cir.1992) (citing *Matthews v. A–1,* 748 F.2d 975, 978 (5th Cir.1984)). However, Brunnemann never made more money at Mid–Valley. Terra argued to the district court that Brunnemann did make more at Mid–Valley, when his pension from Terra of $197.00 was added into his monthly income. There is little merit in this argument since the pension benefit was not paid by Mid–Valley. It should be noted that the district court allowed both parties to argue to the jury the relevant off-sets and time periods for the damages. Appellant also urged that Brunnemann's back pay should be tolled as of the day he resigned from Mid–Valley. This Circuit also recognizes that back pay may be tolled when the employee voluntarily resigns from subsequent employment obtained after termination. *Matthews,* 748 F.2d at 978 n. 5. However, this Circuit recognizes that the determination of back pay period is a factual matter to be set aside only when clearly erroneous. *Matthews,* 748 F.2d at 975. (citation omitted). We cannot say that the jury's determination that back pay extend to the day of judgment is clearly erroneous. The jury was in a far better position to weigh Brunnemann's testimony about his reasons for leaving Mid–Valley. In fact, his testimony indicates that he was given a choice between resigning or being laid off due to economic conditions in the region. The jury could have reasonably concluded that Brunnemann was forced to resign, therefore, should

1.  Salary—$2541.00 × 32 mo.  =  $  81,312.00

2.  Pension—$30.49 × 32 mo.  =  $  975.68

3.  401K—$76.23 × 32 mo.  =  $  2,439.36

4.  Life Insurance—$12.71 × 32 mo.  =  $  406.72

5.  Disability—$15.24 × 32 mo.  =  $  487.68

6.  Company Car $725.00 × 12 mo.[6]  =  $  8,700.00

7.  Increased retiree medical insurance—$47.79 × 10 mo.  =  $  477.90

TOTAL  =  $  97,799.34

Terra is entitled to the following off-setting post-termination earnings and deductions:[7]

1.  Interim Salary—$2500.00 × 22 mo. plus $1250.00 for Oct. 15–Oct. 31  =  $  56,250.00

2.  Vacation Pay  =  $  3,870.00

3.  Pension Benefits—$197.00 × 32 mo. =  $  6,304.00

TOTAL  $  66,424.00

---

not have been penalized by tolling the back pay on the day of resignation from Mid–Valley.  The jury was also in a better position to weigh the evidence and argument by counsel concerning cut-offs for the back pay period.  Therefore, we do not find the award of back pay for 32 months to be clearly erroneous.

[6]Brunnemann testified that he incurred additional automobile costs of $725.00 a month only during his second year with Mid–Valley.  He is not entitled to this loss after he left Mid–Valley because he no longer needed an automobile for business purposes.  However, Brunnemann also testified that Terra provided an automobile for his personal use and paid for the gas and insurance as well.  At Mid–Valley, Brunnemann was given a travel allowance of $750.00 per month, but he testified that his travel expenses greatly exceeded that amount.  Therefore, he incurred a loss of $725.00 a month for the second year at Mid–Valley.  There was no evidence presented as to the value of the automobile furnished by Terra for Brunneman's personal use, therefore, there can be no award for loss of that benefit.

[7]"Courts uniformly offset interim earnings from back pay awards in order to make the plaintiff whole, yet avoid windfall awards." *Stephens,* 955 F.2d at 1028 (citations omitted).  In the case before us, the record shows that the jury was instructed to deduct Brunnemann's interim earnings from an award of back pay, however, given the excessive amount of the award, it appears they did not do so.  In addition, a deduction is allowed for sums received from retirement benefits. *Smith v. Office of Personnel Management,* 778 F.2d 258, 263 (5th Cir.1985).  Vacation pay should be allowed as an off-set because it is compensation based on salary, position and current job performance and is earned just like wages.  See *E.E.O.C. v. Boeing Services Intern.,* 968 F.2d 549, 557 (5th Cir.1992).

-----

These figures justify a maximum compensatory award of $31,375.34. Following the "maximum recovery rule" recognized in this circuit, we direct the district court to file a remittitur of $68,624.66. If the plaintiff refuses to remit, we order a new trial on damages only.

Brunneman argues that he is entitled to recover for additional benefits lost after his termination from Terra which would support the jury's verdict of $100,000. These benefits are dental insurance premiums and the face value of a life insurance and accidental death policy provided by Terra.[8] We find no merit in these claims. First of all, Brunnemann failed to supply evidence concerning the cost of the dental insurance premiums. He also failed to provide evidence of any out-of-pocket expenses paid for dental services which he incurred because he no longer had dental insurance. If Brunneman had provided such evidence, he was only entitled to recover those expenses actually incurred by either replacement of the lost insurance or dental expenses actually incurred that were covered under his former dental insurance plan. *Pearce v. Carrier Corporation,* 966 F.2d 958, 959 (5th Cir.1992). Brunneman provided no such evidence, however. Likewise, Brunneman cannot recover the face value of the life and accidental death policy. An ADEA claimant is limited to recovery of those expenses actually incurred by either replacement of the lost insurance or occurrence of the insured risk. *Pearce,* 966 F.2d at 959. Brunneman produced no evidence that he incurred expenses for substituted coverage, and Brunneman is not dead, therefore the insured risk has not occurred and he cannot recover the value of the policy or substituted premiums he never paid. We find no merit in any other claims that Brunnemann presents to support the $100,000 verdict.

## B. *Reinstatement*

Appellant contends that the district court abused its discretion when it reinstated Brunnemann in his former position in Pearsall, Texas because that position was already held by another employee.

---

[8]The face value of the life insurance policy was $40,000 and the face value of the accidental death policy was $100,000.

Appellant states that it is more than willing to reinstate Brunnemann into a management level position in the Waco region. Appellant asks for reasonable latitude in reinstating Brunneman to a job comparable to his former manager job in salary and prestige. A determination for reinstatement made by the district court is reviewed for abuse of discretion. *Deloach v. Delchamps, Inc.,* 897 F.2d 815 (5th Cir.1990). In *Hansard v. Pepsi–Cola Metropolitan,* 865 F.2d 1461, 1469 (5th Cir.1989), this Circuit recognized the decided preference by the courts to award reinstatement instead of front pay. Reinstatement is generally the preferred remedy for a discriminatory discharge. *Deloach,* 897 F.2d at 822. This is consistent with the ADEA's "make whole" philosophy. *Hansard,* 865 F.2d at 1469. Generally, if reinstatement is not feasible, front pay will be awarded. *Id.* There are some instances when reinstatement would not be feasible, for example, when there is discord and antagonism between the parties. *Deloach,* 897 F.2d at 822. Terra's counsel told the district court that Terra felt reinstatement would be an unworkable situation, but stated that there was no great hostility or animosity held by Terra. The selection between reinstatement and front pay is discretionary with the trial court so long as the relief granted is consistent with the purposes of the ADEA. *Goldstein v. Manhattan Industries, Inc.,* 758 F.2d 1435, 1448–49 (11th Cir.1985). The district court was entitled to rely on Terra's statements that there was no animosity or hostility between the parties as well as Brunnemann's testimony that he was willing to return to Terra to work. The district court was in a much better position to determine whether or not reinstatement was feasible based on the testimony and evidence at trial. Based on the record before us, we find no abuse of discretion in ordering reinstatement to the Pearsall Manager's position.

## C. *Negligent Infliction of Emotional Distress*

Finally, Appellee contends that the district court erred in dismissing his negligent infliction of emotional distress claim. The dist rict court's judgment states that the plaintiff's claim was dismissed because the claim was "preempted" by the ADEA. While we affirm the dismissal of this claim, we do so for a slightly different reason. When the word "preempted" is used in a legal sense, it generally means that one act takes precedence over another. The ADEA does not take precedence

over the pendent state law claim of negligent infliction of emotional distress[9], rather, a cause of action for negligent infliction of emotional distress in the employer/employee context has yet to be recognized by the Texas Supreme Court. *Conaway v. Control Data Corp.,* 955 F.2d 358 (5th Cir.1992). We affirm the dismissal of plaintiff's claim for emotional distress.

## Conclusion

After reviewing the record we cannot say that the district court erred in denying a modification of reinstatement or in dismissing plaintiff's claim of negligent infliction of emotional distress; however, the district court's award must be modified to conform with this opinion or a new trial must be held on the issue of damages.

Based on the foregoing, we affirm in part and reverse in part, and remand to the district court for the appropriate modifications.

---

[9]It is true that mere damages for mental anguish or pain and suffering are not recoverable in this Circuit under the Federal Age Discrimination in Employment Act. *Ford v. General Motors,* 656 F.2d 117, 119 (5th Cir.1981). However, a claim for damages for mental anguish under the Act is quite different from a pendent state law cause of action for negligent infliction of emotional distress. A state cause of action for intentional infliction of emotional distress is recognized in this Circuit in the employer/employee context. *Wilson v. Monarch Paper Co.,* 939 F.2d 1138 (5th Cir.1991).