**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 00-31039**
**Summary Calendar**

_____

**STEPHEN RAY ESTES, individual & as the natural parent &**
**tutor, on behalf of Jolie Estes, on behalf of Stephen James**
**Estes, on behalf of Jonathan Estes, on behalf of Justin Estes,**
**on behalf of Miriam Estes; LANELL ESTES,**

**Plaintiffs-Appellants,**

**versus**

**USA TRUCK, INC.; ST. PAUL FIRE AND MARINE INSURANCE COMPANY,**

**Defendants-Appellees.**

_____

**Appeal from the United States District Court**
**for the Western District of Louisiana**
**(5:96-CV-1807)**

_____

March 28, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

At issue is the district court's denial of Plaintiffs' motion to set aside the jury verdict and for a new trial, filed approximately a year after the jury verdict, and entry of judgment, in favor of USA Truck. _See_ FED. R. CIV. P. 60(b) (set aside verdict in face of newly discovered evidence that by due diligence could _not_ have been discovered in time to move for new trial); FED. R.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

CIV. P. 59 (new trial).  Such denials are reviewed for an abuse of discretion.  *E.g.*, **Halicki v. Louisiana Casino Cruises, Inc.**, 151 F.3d 465, 470 (5th Cir. 1998) (decision to grant or deny relief under Rule 60(b) reviewed for abuse of discretion), *cert. denied*, 526 U.S. 1005 (1999); **Brunnemann v. Terra Int'l, Inc.**, 975 F.2d 175, 177 (5th Cir. 1992) ("We review the denial of a motion for new trial ... under an abuse of discretion standard."); *see also* **Lane v. R.A. Sims, Jr., Inc.**, No. 00-60215, 2001 WL 99449, *4 (5th Cir. 6 Feb. 2001) ("Our review of the denial of a new trial motion is more limited than when one is granted." (internal quotation marks omitted)); **Diaz v. Methodist Hosp.**, 46 F.3d 492, 495 (5th Cir. 1995) ("In deciding whether newly discovered evidence is sufficient to warrant a new trial, the district court should consider whether the evidence: (1) would probably have changed the outcome of the trial; (2) could have been discovered earlier with due diligence; and (3) is merely cumulative or impeaching.")

Pursuant to a special interrogatory, the jury found Defendant USA Truck was *not* guilty of negligent conduct that proximately caused the injury when Stephen Estes was struck by an automobile driven by Marjorie Tant.  In fact, the jury found Estes 85% at fault; Tant, 15%.  The district court did *not* abuse its discretion in concluding that the newly discovered testimony (changed from witnesses' trial testimony) would *not* change the outcome.

2

Essentially for the reasons stated in the district court's opinion, the denial of the motions is

*AFFIRMED.*