IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-40064
Summary Calendar
_____


JIM WEAVER,                                          Plaintiff-Appellee,

versus

AMOCO PRODUCTION COMPANY,                    Defendant-Appellant.

_____

Appeal from the United States District Court for the
Eastern District of Texas
2:93-CV-14
_____
July 19, 1996


Before SMITH, BENAVIDES and DENNIS, Circuit Judges.

FORTUNATO P. BENAVIDES, Circuit Judge[*]:

Defendant-Appellant Amoco Production Company ("Amoco") appeals the district court's order and judgment granting Plaintiff-Appellee Jim Weaver's ("Weaver") motion for an award of front pay and denying Amoco's motion for reinstatement and judgment in favor of Weaver for $280,000 plus interest. We affirm.

BACKGROUND

This appeal arises from the district court's order after remand in this case on the issue of reinstatement and front pay following a jury verdict in favor of Weaver on his age

_____

[*] Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

discrimination claim.[1]  In the first appeal, we vacated the front pay award and remanded to the district court for a more thorough review of Amoco's offer of reinstatement and for articulated findings.  *Weaver*, 66 F.3d at 89.  On remand, the district court concluded that Weaver met his burden of demonstrating that reinstatement was not feasible.  Specifically, the court found that although Amoco offered to reinstate Weaver, Amoco's excessively hostile attitude toward Weaver throughout the litigation of the case has rendered the environment too hostile for an employment situation to succeed.  In addition, the court noted that the numerous technological advances that have been made since Weaver's termination would necessitate extra time for Weaver to train, and that the court believed that Amoco would not allow Weaver the necessary time to improve.  Finally, the court determined that a front pay award of $280,000, in addition to the jury's liquidated damage award of $105,000, was not excessive considering the evidence at trial indicating that Weaver would lose around $600,000 by 65 if he was unable to locate a new job.

### REINSTATEMENT VERSUS FRONT PAY

Front pay is not awarded unless the plaintiff demonstrates that reinstatement is not feasible.  *Walther v. Lone Star Gas Co.*, 952 F.2d 119, 127 (5th Cir. 1992) (citing *Hansard v. Pepsi-Cola Metro Bottling Co., Inc.*, 865 F.2d 1461, 1469 (5th Cir.), *cert. denied*, 493 U.S. 842, 110 S.Ct. 129, 107 L.Ed.2d 89 (1989)).  "We

---

[1]  For a complete summary of the facts and procedural history in this case, see *Weaver v. Amoco Production Co.*, 66 F.3d 85 (5th Cir. 1995).

review the district court's decision that reinstatement was not feasible for an abuse of discretion." *Id.* (citing *Deloach v. Delchamps, Inc.*, 897 F.2d 815, 822 (5th Cir. 1990)). We find that the district court's conclusions on remand, supported by an articulated finding that hostile relations exist between Amoco and Weaver, sufficiently demonstrate that Weaver's reinstatement is not feasible. The district court judge is in the best position to make a determination regarding the feasibility of reinstatement because he is able to witness, first hand, the evidence presented at trial along with post-trial motions and hearings before the court. The court in this case concluded that Amoco's hostile attitude toward Weaver exceed the animosity level that commonly arises between opposing parties throughout the litigation process. Taking into consideration the district court's findings and the fact that Amoco's offer of reinstatement, which was not made until after the jury return a verdict in favor of Weaver, is for a position that no longer exists at Amoco, we find that the district court did not abuse its discretion in determining that reinstatement is not feasible.

Furthermore, we find that the district court did not abuse its discretion in awarding front pay in addition to the jury's liquidated damage award. We have previously stated that a substantial liquidated damage award may indicate that an additional award of front pay is inappropriate. *Walther*, 952 F.2d at 127. However, our review of the record reveals that the district court properly addressed this factor in allowing the additional award of

front pay. *See id.* at 127-28. The district court found that "[a]lthough the Court has considered the $105,000 award of liquidated damages which was assessed against Amoco, a front pay award of $280,000 is still necessary to make the plaintiff whole." The court's finding is supported by evidence presented a trial indicating that Weaver could lose up to $600,000 by the time he reaches 65 if he is not able to find another job. Therefore, we find the district court's front pay award of $280,000 is not excessive or inappropriate.

## ATTORNEYS' FEES ON APPEAL

Weaver seeks an additional award of $5,000 in attorneys' fees for services rendered on this second appeal. It is within our discretion to award attorneys' fees for the appeal of an ADEA case. *Hendrick v. Hercules, Inc.*, 658 F.2d 1088, 1097-98 (5th Cir. 1981). We find that due to the simplicity of the issues raised in this appeal an award of $2,000 in attorneys' fees is reasonable. Accordingly, we award $2,000 in attorneys' fees for services rendered in connection with this appeal.

## CONCLUSION

For the reasons articulated above, the order and judgment of the district court awarding front pay is AFFIRMED. Attorneys' fees are awarded to Weaver in the amount of $2,000 for services rendered on appeal.