United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 21, 2005**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60181

_____

DAVID CAMPBELL,

Plaintiff - Appellee,

versus

CITY OF JACKSON MISSISSIPPI, ET AL

Defendants,

CITY OF JACKSON MISSISSIPPI

Defendant - Appellant.

Appeal from the United States District Court
For the Southern District of Mississippi, Jackson
3:00-CV-604-WS

ON PETITION FOR PANEL REHEARING
(Opinion 12/13/04, 5th Cir., __ F.3d ___)

Before GARZA, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This Court has considered the petition for panel rehearing and response, and makes the following revision:

(1) The case is REMANDED to the district court with instructions to allow appellant to remit in accordance with this order, or for a new trial on the question of damages.

(2) The following text is substituted for Part II of the original opinion:

**"II.    The evidence does not support the jury's verdict of $60,000 in lost wages.**

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The City asserts that there is no reasonable basis for an award of compensatory damages of $60,000. The City argues that according to Campbell's testimony, the appropriate amount of compensation it should be liable for is approximately $4760 and, at most, between $8000 and $9000. At trial, Campbell testified that he could have earned between $10,000 and $20,000 if he had been allowed to work out of rank.

This Court applies a deferential standard to juries' damage awards. "The damage award may be overturned only upon a clear showing of excessiveness or upon a showing that the jury was influenced by passion or prejudice." *Eiland v. Westinghouse Elec. Corp.*, 58 F.3d 176, 183 (5th Cir. 1995) (citing *Westbrook v. Gen. Tire & Rubber Co.*, 754 F.2d 1233, 1241 (5th Cir. 1985)). If the evidence clearly does not support the award, this Court will order a remittitur. *See Brunnemann v. Terra Int'l, Inc.*, 975 F.2d 175, 178 (5th Cir. 1992) (holding that remittitur is the appropriate remedy where a verdict is contrary to right reason but not the result of passion or prejudice). We calculate the amount of the remittitur using this Circuit's "maximum recovery rule," which limits the verdict to the maximum amount that the jury properly could have awarded under the facts. *Caldarera v. Eastern Airlines, Inc.*, 705 F.2d 778, 784 (5th Cir. 1983).

We conclude that the jury's award of damages to Campbell is not supported by the evidence. At trial, Campbell estimated that he might have been able to work as many as twenty shifts from the "short list," which was used for replacements for people who called in sick. If all twenty shifts were for overtime pay, he would have earned $9520. He also argued that he could have worked three shifts from the "long list," which was used for extended absences, for which he would have earned $6354. These figures add up to a total of $15,874. This number represents

2

the highest possible amount that the jury could reasonably have believed that Campbell would have earned.

Therefore, the jury's award of $60,000 was excessive. Campbell may accept the remittitur of damages to $15,874, or submit to a new trial limited to the issue of damages."

The petition for rehearing is, except to this extent, DENIED. The petition for rehearing en banc is DENIED, no member of the court having requested a poll.