848 So.2d 773 (2003)
William H. ST. MARTIN, M.D.
v.
Joseph Paul WILLARD.
No. CA-03-204.
Court of Appeal of Louisiana, Third Circuit.
June 25, 2003.
*774 Stephen M. Pizzo, Dante' Vincent Maraldo, Blue Williams L.L.P., Metairie, LA, for Plaintiff Appellant, William H. St. Martin, M.D.
Larry A. Roach, Jr., Barry Alwin Roach, Larry A. Roach, Inc., Lake Charles, LA, for Defendant/Appellee, Joseph Paul Willard.
Court composed of NED E. DOUCET, JR., Chief Judge, GLENN B. GREMILLION, and ELIZABETH A. PICKETT, Judges.
ELIZABETH A. PICKETT, Judge.

FACTS
On October 12, 1998, Joseph Paul Willard injured his back while working as a roustabout for R & B Falcon Drilling USA, Inc. (R & B Falcon). Mr. Willard filed a Petition for Damages in the Thirty-Second Judicial District Court against R & B Falcon under the Jones Act. On January 9, 2001, the parties reached a compromise agreement wherein Mr. Willard agreed to settle his claim against R & B Falcon for a specified sum to be paid within thirty days. A document entitled Receipt, Release of All Claims and Indemnity Agreement which contained a general release of all claims Mr. Willard might have against all persons arising out of the accident was prepared by R & B Falcon for Mr. Willard to execute. Mr. Willard, however did not want to execute a general release. He wanted to execute a release which specifically reserved his rights against Dr. William H. St. Martin for medical malpractice. He refused to sign the agreement and R & *775 B Falcon did not pay the agreed upon sum.
Both parties filed motions to enforce the settlement. The motions were heard on March 13, 2001. On March 14, 2001, the trial court rendered judgment in favor of R & B Falcon and issued a written order instructing Mr. Willard to execute the general release prepared by R & B Falcon. The release forwarded to Mr. Willard by R & B Falcon, however, unlike the original, specifically released Dr. St. Martin. Following a telephone conference with the trial court judge, the particular reference to Dr. St. Martin was removed from the release. Mr. Willard executed the agreement and general release in compliance with the trial court's order. He subsequently appealed the trial court's judgment to the First Circuit Court of Appeal. The appellate court upheld the judgment of the trial court which ordered Mr. Willard to exercise a general release.
On March 27, 2001, Joseph Paul Willard filed a medical malpractice complaint against Dr. St. Martin with the Louisiana Patient's Compensation Fund Oversight Board. The complaint alleged that Dr. St. Martin was negligent in failing to diagnose an unfit spine during Mr. Willard's pre-employment physical for R & B Falcon. Dr. St. Martin approved Mr. Willard for the work that resulted in his injury. The physical was performed some six months prior to the injury. Mr. Willard contends the injury to his back was due, in part, to an unhealthy and unfit spine.
On January 7, 2002, Dr. St. Martin filed a Petition for Declaratory Judgment with the Fourteenth Judicial District Court in Calcasieu Parish. In his petition Dr. St. Martin asserted that the plain language of the release prepared by R & B Falcon, and entered into by Mr. Willard, bars Mr. Willard's subsequent medical malpractice claim as res judicata.
Mr. Willard filed a Peremptory Exception of No Right of Action or, in the alternative, Dilatory Exception of Prematurity. He argued that Dr. St. Martin had no right of action with regard to the release because Dr. St. Martin was not a party to the maritime action between Mr. Willard and R & B Falcon and paid no consideration for the release. In addition, Mr. Willard also argued Dr. St. Martin's suit was premature because the appeal filed by Dr. Willard following the judgment of the Thirty-Second Judicial District Court was still pending before the First Circuit Court of Appeal. Alternatively, he argued Dr. St. Martin's ability to raise the res judicata effect of the general release in the medical malpractice action was lis pendens to the declaratory judgment action.
Mr. Willard's exception was heard on September 9, 2002. The trial court took the matter under advisement. Subsequently, judgment was rendered in favor of Mr. Willard, granting the exception of no cause of action and dismissing Dr. St. Martin's Petition for Declaratory Judgment. On October 17, 2001, written reasons for judgment were issued wherein the trial court found that the Receipt, Release of All Claims and Indemnity Agreement did not exclude claims arising out of the medical examination performed by Dr. St. Martin. Instead, the trial court found that it only excluded claims arising out of the accident of October 12, 1998. It is from this judgment that Dr. St. Martin appeals.

ASSIGNMENT OF ERROR
In the appellant's sole assignment of error, he asserts the trial court erred in granting Mr. Willard's exception of no right of action when the release agreement executed by Mr. Willard is a general release of all claims against all potential defendants with no specific reservation of *776 rights against Dr. St. Martin, as recognized by the First Circuit Court of Appeal.

DISCUSSION
The appellant argues the First Circuit Court of Appeal has already determined the nature and scope of the release at issue and agreed with the trial court that "a general release of Falcon and all potential defendants was intended by the parties." Willard v. R & B Falcon Drilling USA, Inc., 01-2334 (La.App. 1 Cir. 12/20/02), 836 So.2d 424.
The appellant's analysis of the opinion of our sister court is misplaced. In Willard, the First Circuit was asked to review three separate issues:
1) Whether the trial court erred in allowing witnesses to testify outside the four corners of the January 9, 2001 settlement agreement regarding the intentions of the parties confecting the settlement and what is customary within the practice of maritime law.
2) Whether the trial court was clearly wrong in disregarding the "four corners" rule, considering the intention of the parties and relying on custom within the practice of maritime law in ordering Willard to execute a general release, and,
3) Whether the trial court erred by not awarding punitive damages pursuant to La.R.S. 22:1200 based on the failure of Falcon to pay the agreed settlement within 30 days.
The First Circuit held that, there was no error in the trial court ruling which allowed "the introduction of parol evidence to clarify ambiguity as to what the parties intended to include in the settlement." That court further held there was no error on the trial court's part in denying Mr. Willard's request for punitive damages.
The First Circuit Court of Appeal was never asked to consider the effect of the release at issue and whether it applied to alleged malpractice by Dr. St. Martin which is alleged to have occurred approximately six months prior to the accident resulting in the injury. As this specific issue had not been addressed by the trial court below then, it could not have been addressed on appeal. The trial court had ruled a general release had been intended by the parties. It had never addressed the effect of the release. We do not find, therefore, that the issue before this court has already been addressed by the First Circuit Court of Appeal.
The issue before this court is whether the district court erred in granting Mr. Willard's exception of no right of action which was filed in response to the appellant's Petition For Declaratory Judgment.
This court has recently expressed the appropriate standard of review for an exception of no right of action:
An exception of no right of action has the function of determining whether the plaintiff has any interest in the judicially enforced right asserted. The function of this exception is to terminate the suit brought by one who has no judicial right to enforce the right asserted in the lawsuit. The determination of whether a plaintiff has a right of action is a question of law. Accordingly, we review exceptions of no right of action de novo.

Mississippi Land Co. v. S & A Properties II, Inc., 01-1623, pp. 2-3 (La.App. 3 Cir. 5/8/02), 817 So.2d 1200, 1202-03 (citations omitted).
We agree that in order to determine whether Dr. St. Martin has a right of action to enforce the release, the nature of the release must be determined.
In order for the appellant to benefit from the release, he must prove he has a *777 judicial right to enforce the claim he asserted in his Petition For Declaratory Judgment. That is, the right to be discharged from any and all claims the appellee could bring as a result of the October 12, 1998 accident. In order for the appellant to exercise this right he must belong to the class of persons in whose favor the release was exercised.
After reviewing the record, and the plain language of the release, we agree with the trial court that the appellant has no right of action to proceed in his Petition for Declaratory Judgment. The release acknowledges receipt of a sum of money in exchange for the express release and discharge of the following:
FALCON DRILLING COMPANY, INC., R & B FALCON DRILLING USA, INC., FALCON DRILLING COMPANY, L. P., FALCON DRILLING ASSOCIATES, L. P., FALCON DRILLING SYNDICATE, L.P. FALCON DRILLING ENTERPRISES, L. P., FALCON DRILLING GROUP, L. P., FALCON DRILLING, INC., FALRIG OFFSHORE, INC., FAL RIG OFFSHORE, LTD., FALRIG OFFSHORE, USA, LTD., FALRIG OFFSHORE (U.S.A.), L.P. FALCON DRILLING HOLDINGS, L.P., FALCON DRILLING MANAGEMENT, INC., FALCON OFFSHORE, INC., FALCON RIG INVESTMENT CORP., FDI MARINE INC., FALCON SERVICES COMPANY, INC. OF DELAWARE, FALCON INLAND, INC., INTERESTED UNDERWRITERS and any and all parties with whom they had contractual relationships, with whom they were in privity, or for whom they were working, including, but not limited to AMERADA HESS CORPORATION, its and/or their subsidiaries, affiliates, predecessor, successor, parent and/or related corporations and/or entities, owners, general partners, limited partners, agents, officers, representatives, employees, executive officers, directors, stockholders, successors, assigns, underwriters and insurers, FALCON RIG NO. 30, its and/or their engines, gear, tackle, appeal, furniture, appurtenances, owners, charterers, underwriters and insurers, the agents, employees, officers, representatives, masters and/or members of the crew of any and all of the foregoing and any and all other insurers, underwriters, entities, persons, firms, corporations, partnerships, joint venturers, and/or parties whomsoever (hereinafter sometimes referred to as RELEASEES), of and from any and all past, present and/or future claims, demands, causes of action and rights of action whatsoever, which he may or might have and/or which may hereafter accrue to him, known and unknown, foreseen, and unforseen, under the Jones Act., the General Maritime Law of the United States, the Longshore and Harbor Workers' Compensation Act, the Louisiana Workers' Compensation Act, the Outer Continental Shelf Lands Act, the Employment Retirement Income Security Program (ERISA), the Americans with Disabilities Act, the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA), the laws of the State of Louisiana, any and all other federal and state laws, any and all other laws whatsoever, including but not limited to, any and all claims, demands, causes of action and rights of action which APPEARER may or might have under any of these laws or any other laws whatsoever, for past, present and/or future bodily and personal injuries... and any and all other damages and other items of possible recovery whatsoever to which APPEARER may be or might become entitled and all other rights whatsoever in any way arising *778 out of, related to, resulting from or to result from the alleged accident which occurred on or about October 12, 1998, on the FALCON RIG No. 30, ....

[H]e is completely giving up and discharging any and all rights he may have against the parties hereinabove set forth... in full settlement and discharge of all of his legal rights arising out of or resulting from the above-described accident and from any and all other accidents and injuries sustained during Joseph Paul Willard's employment with R & B Falcon Drilling USA. INC., .... (emphasis ours)
We find the appellant does not belong to the class of persons discharged under the terms of the release. The appellant is not expressly named in the release. R & B Falcon attempted to include it following the rendition of the judgment of the Thirty-Second Judicial District Court and it was removed after a telephone conference with that court. The facts in the record clearly show it was the appellee's intent not to discharge the appellant under the release. The release expressly and specifically states the discharge is from the appellee's legal rights arising out of the accident of October 12, 1998, described in the release. The action the appellant seeks to have barred is a medical malpractice claim, the alleged malpractice having occurred in April, 1998, some six months prior to the accident described in the release. The trial court in the instant matter concluded that, "there is a separate cause of action against DR. ST. MARTIN, not released in the Falcon Release and that therefore, this Exception Of No Right Of Action should be maintained at plaintiff's cost." We agree with the trial court's conclusion that the medical malpractice action against the appellant was not discharged and released by the R & B Falcon release dated March 22, 2001. Instead, the appellee's medical malpractice claim against the appellant arises out of the pre-employment examination in April, 1998, which was a separate occurrence.

DECREE
We find that the plain language of the release does not include Dr. St. Martin as one of the parties discharged by the release and does not contemplate a medical malpractice claim arising from a pre-employment examination. We find the appellant has no right of action to proceed with the Petition for Declaratory Judgment and affirm the trial court's granting of appellee's exception. All costs of this appeal are to be paid by the appellant.
AFFIRMED.