NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-07

BAU N. PHAM, ET AL.

VERSUS

HOSPITAL CORP. OF AMERICA, ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20135895-F
HONORABLE GLENNON P. EVERETT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JOHN E. CONERY
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Marc T. Amy, James T. Genovese, and John E. Conery, Judges.

AFFIRMED.

**Adam G. Young**
**Patrick C. (Con) Cotter**
**Laura N. Buck**
**Young, Cotter & Meade, L.L.C.**
**315 South College Road, Suite 163**
**Lafayette, Louisiana  70503**
**(337) 261-8800**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Bau N. Pham, Jr.**
    **Bau N. Pham, Indiv.**
    **Chipham Corporation**

**Richard P. Voorhies, III**
**James F. Flinn**
**The Voorhies Law Firm**
**1100 Poydras Street, Suite 2810**
**New Orleans, Louisiana  70163**
**(504) 876-2223**
**COUNSEL FOR PLAINTIFF/APPELLLANT:**
    **Chipham Corporation**
    **Bau N. Pham, Jr.**
    **Bau N. Pham, Indiv.**

**Jennifer L. Thornton**
**Elizabeth S. Horn**
**Stanley, Reuter, Ross, Thornton & Alford, L.L.C.**
**909 Poydras Street, Suite 2500**
**New Orleans, Louisiana 70112**
**(504) 523-1580**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Bau N. Pham, Jr.**
    **Bau N. Pham, Indiv.**
    **Chipham Corporation**

**Frank X. Neuner, Jr.**
**Cliff A. LaCour**
**NeunerPate**
**1001 West Pinhook Road, Suite 200**
**Lafayette, Louisiana  70503**
**(337) 237-7000**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **The Regional Health System ofAcadiana, LLC**
    **Hospital Corp. of America Physician's Services, Inc.**
    **Southwest Medical Center Multi-Specialty Group, LLC**

**CONERY, Judge.**

Bau N. Pham, Jr. (Nathan Pham) sought, and was granted, a timely devolutive appeal of the trial court's October 20, 2014 judgment.[1] The judgment granted the defendants' exceptions of no right or cause of action, which dismissed "all causes of action in all petitions" as to Nathan Pham.

The remaining parties to this litigation have claims which are presently pending before the trial court. These include the claim made pursuant to the Louisiana Unfair Trade Practices Act (LUTPA) by the Estate of Chi Pham (Estate) for which her husband Bau N. Pham (Mr. Pham) serves as succession representative, Mr. Pham's individual claim for improvements to the office building, and the Chipham Corporation's (Chipham) contract claims.

## FACTS AND PROCEDURAL HISTORY

The late Dr. Chi Pham (Dr. Pham) was a practicing physician in the Lafayette, Louisiana area. Dr. Pham operated her practice through Chipham, a Louisiana corporation formed by her. Chipham owned the physical assets of her medical practice.

In 2012, Dr. Pham became unable to continue her medical practice due to illness. In order to continue to fulfill her responsibilities under both federal and state law with respect to patient's medical records, Chipham, acting through Dr.

---

[1] Although the notice of appeal lists as appellants, Bau N. Pham, Bau N. Pham, Jr., the Estate of Chi Pham, and Chipham Corporation, the sole appellant properly before this court on appeal is Bau N. Pham, Jr. (Nathan Pham) pursuant to La.Code Civ.P. art. 1915(A)(1), which states:

> A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:

> (1) Dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or intervenors.

Pham, began negotiations with defendant Southwest Medical Center Multi-Specialty Group, L.L.C. (SWMG), now The Regional Health System of Acadiana, L.L.C. (Regional). These negotiations resulted in a "Non-Binding Memorandum of Understanding" (MOU) dated August 6, 2012, between SWMG and "THE PHAM PRACTICE ENTITY." Due to his wife's health, Mr. Pham participated in the negotiations, although he was not a party to the MOU.

The MOU outlined a proposal for SWMG to purchase certain assets of Dr. Pham/Chipham's medical practice. The proposal included terms and conditions for lease of the building, the purchase of assets, and the possibility of employment of Dr. Pham when she was well enough to resume her medical practice.[2]

In conjunction with the MOU, on August 14, 2014, Chipham, acting through Dr. Pham, signed the "First Medical Records Transfer Agreement" with SWMG. This document transferred responsibility for Dr. Pham's medical records held by Chipham to SWMG. In order to complete the transfer, SWMG was provided with keys to Chipham's office building and the access codes to the electronic medical records.

However, negotiations between SWMG and Dr. Pham/Chipham failed. On August 31, 2012, no final agreement had been reached between the parties, and a decision was made to rescind the initial "Medical Records Transfer Agreement."

---

[2] The language of the MOU provided:

> It is expressly understood and agreed that (a) no liability or binding obligation is intended to be created between or among any of the parties to this memorandum of understanding, except for the confidentiality provisions above, and (b) other than such confidentiality provision, any legal rights and obligations between or among either party to this memorandum will come into existence only upon the parties' execution and delivery of a written definitive documentation, and then only in accordance with the terms and conditions of such definitive documentation.

On September 12, 2012, the parties signed a "Medical Records Transfer Agreement Rescission." In conjunction therewith, also on September 12, 2012, SWMG returned full control and responsibility for the medical records to Chipham. SWMG also returned the key to the Chipham building, thereby terminating SWMG's access to the medical records.

Despite the problem with the medical records, the parties continued to negotiate. On October 16, 2012, a "Second Medical Records Transfer Agreement" (SMRTA) was executed between Dr. Pham, on behalf of Chipham, and SWMG. The SMRTA remains in effect to this date. On November 28, 2012, Dr. Pham's patients were notified that Dr. Pham was no longer practicing medicine and of the change in the custody of the records as required and allowed by the terms of the SMRTA. No other correspondence was sent to Dr. Pham's patients by SWMG.

The negotiations continued between Dr. Pham via Chipham and SWMG for the purchase of the assets, lease of the building, and employment of Dr. Pham. SWMG sent an offer to Dr. Pham on September 10, 2012, and a revised offer on October 3, 2012, but neither was accepted. Unfortunately, prior to the acceptance of any offer from SWMG, Dr. Pham committed suicide. Despite the efforts of Mr. Pham to finalize the negotiations, they were formally discontinued by SWMG on April 29, 2013. On May 2, 2013, Mr. Pham properly dissolved Chipham.

On November 19, 2013, Mr. Pham and the Estate filed a petition for damages against Hospital Corporation of America (HCA) and Regional. The original petition alleged claims pursuant to LUTPA, breach of contract, tort, and the quasi-offense of unjust enrichment.

On January 13, 2014, a first amended petition was filed in the suit, which added Nathan Pham as a plaintiff, and removed HCA as a defendant, and added

Hospital of America Physician's Services (HOAPS) as a defendant. A second amended petition was filed on March 7, 2014, which named SWMG as a defendant.

In response to these petitions, the defendants filed exceptions of lack of procedural capacity, no right of action, and no cause of action, wherein they excepted to the plaintiffs' capacity to bring claims on behalf of the dissolved Chipham.

Mr. Pham subsequently opened a succession proceeding and sought reinstatement of Chipham. On May 20, 2014, the trial court granted an exparte motion for reinstatement of Chipham, "retroactive to the date of dissolution, without prejudice to the rights of any parties which were acquired during the interim period of dissolution." This prompted the filing of a third amended petition, adding Chipham as a plaintiff.

The defendants renewed their original exceptions of lack of procedural capacity, no right of action, no cause of action, and added the peremptory exception of preemption. The trial court heard all of the defendants' exceptions on August 25, 2014, and they were taken under advisement. However, in a minute entry issued on the same date, the trial court dismissed "all causes of action in all petitions" made by Nathan Pham. This constituted a final judgment as to Nathan Pham's claims, which was signed by the trial court on October 20, 2014, and is the subject of this appeal. For the following reasons, we affirm.

## ASSIGNMENTS OF ERROR

Nathan Pham asserts the following errors on appeal:

A. The district court erroneously concluded that Nathan Pham could not bring claims for the injuries suffered by Dr. Pham as a result of the defendants' torts and quasi-offenses, despite the fact that, as Dr. Pham's son, Nathan is entitled to bring such claims under La. Civ. Code art. 2315.1.

4

B. The district court erroneously concluded that the LUTPA claims were preempted, despite the fact that they were timely filed within one year of the defendants' actions of breaching their agreement with Dr. Pham and her husband on April 29, 2013.

## LAW AND DISCUSSION

*Peremptory Exception of No Right of Action – Louisiana Civil Code Article 2315.1*

Nathan Pham's first assignment of error is based on the trial court's finding that he had no right of action or cause of action for his breach of contract or quasi-offense claims against the defendants "outside the Estate of Chi Pham."

The third circuit case of *Boyer v. Stric-Lan Companies Corp.*, 04-872 p. 5-6 (La.App. 3 Cir. 11/10/04), 888 So.2d 1037, 1041, discussed the peremptory exception of no right of action and stated:

> [Louisiana Code of Civil Procedure Article] 681 provides that actions must be brought "only by a person having a real and actual interest which he asserts." An exception of no right of action is used in order to determine whether a plaintiff belongs to a class of individuals to which the law grants the cause of action advanced. *Reese v. State Dept. of Pub. Safety,* 03-1615 (La.2/20/04), 866 So.2d 244. In considering the exception, the court determines whether "the particular plaintiff has a right to bring the suit, but it assumes that the petition states a valid cause of action for some person and questions whether the plaintiff in the particular case is a member of the class that has a legal interest in the subject matter of the litigation." *Id.* at 246. A ruling on an exception of no right of action is considered *de novo* on appeal. *St. Martin v. Willard,* 03-204 (La.App. 3 Cir. 6/25/03), 848 So.2d 773, *writ denied,* 03-2058 (La.11/14/03), 858 So.2d 426.

Nathan Pham maintains that he is entitled to bring his claims under La.Civ. Code art. 2315.1, which provides:

> A. If a person who has been injured by an offense or quasi offense dies, the right to recover all damages for injury to that person, his property or otherwise, caused by the offense or quasi offense, shall

survive for a period of one year from the death of the deceased in favor of:

(1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.

In *McGee v. A C and S, Inc.*, 05-1036, p. 14 (La. 7/10/06), 933 So.2d 770, 780, the Louisiana Supreme Court explained the purpose and extent of recovery in a survival action:

> The survival action comes into existence simultaneously with the existence of the tort and is transmitted to beneficiaries upon the victim's death. *[Taylor v. Giddens*, 618 So.2d 834 (La.1993)]* The survival action permits recovery only for the damages suffered by the victim from the time of injury to the moment of death. *Id.* It is in the nature of a succession right. *Id.*

In this case, the death of Dr. Pham was not the result of an offense or quasi-offense by the defendants, as she died by her own hand. Nevertheless, any claim that Dr. Pham may have had prior to her death in connection with the negotiations between the defendants has been asserted by Mr. Pham as succession representative. Mr. Pham opened the succession of Dr. Pham and was appointed as succession representative of the Estate. The Estate remains a party to this litigation.

Nathan Pham seeks to bring the same claims urged by the Estate as a representative of his mother, Dr. Pham. However, La.Code Civ.P. art. 685 controls and provides:

> Except as otherwise provided by law, the succession representative appointed by a court of this state is the proper plaintiff to sue to enforce a right of the deceased or of his succession, while the latter is under administration. The heirs or legatees of the deceased, whether present or represented in the state or not, need not be joined as parties, whether the action is personal, real, or mixed.

6

"[Louisiana Code of Civil Procedure] Article 685 has been declared to be the controlling provision of law as to whether a succession representative or an heir/legatee is able to enforce rights of the succession." *Boyer*, 888 So.2d at 1042.

Thus, the trial court correctly ruled in its August 25, 2014 minute entry that Nathan Pham's claims for breach of contract and quasi-offense could not "be maintained outside the Estate of Chi Pham." A final judgment dismissing all of Nathan Pham's causes of action was signed by the trial court on October 20, 2014. We agree with the trial court's decision and find the first assignment of error is without merit.[3]

### *Peremptory Exception of Preemption – LUTPA*

In Nathan Pham's second assignment of error, he claims that the trial court erred in dismissing his LUTPA claim on the basis of its one-year preemptive period. Nathan Pham argues that his claim was timely filed within one year of the defendants' actions of breaching their agreement with Dr. Pham and her husband on April 29, 2013.

We need not address the issue raised by Nathan Pham in his second assignment of error, as the trial court's judgment of October 20, 2014, states that the Estate's claim, pursuant to the LUTPA, is still pending before the trial court:

> **IT IS ORDERED** that the Defendants' Exception of Preemption is **SUSTAINED** and all causes of action under the Louisiana Unfair Trade Practices Act ("LUTPA") are **PREEMPTED** and **DISMISSED WITH PREJUDICE** with the **exception of the Estate of Chi Pham's LUTPA claim against Regional in Plaintiffs' Original Petition.**

(Second emphasis added.)

---

[3] Based on this court's finding that the trial court properly granted the defendants peremptory exception of no right of action dismissing Nathan Pham's claims in their entirety, we pretermit any discussion of defendants' peremptory exception of no cause of action.

Nathan Pham likewise does not have a right of action to bring a claim based on the provisions of the LUTPA. Mr. Pham, the named succession representative for the Estate, pursuant to La.Code Civ.P art. 685, is the proper party to maintain any LUTPA claim that Dr. Pham may have had at the time of her death. Thus, Nathan Pham's second assignment of error is also without merit.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment dismissing all causes of action alleged by Bau N. Pham, Jr. in this litigation. Costs of this appeal are assessed to Bau N. Pham, Jr.

**AFFIRMED.**

This opinion NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2–16.3.