835 So.2d 636 (2002)
Tracy Mark KNIGHT
v.
William M. MAGEE, Magee & Devereux, Westport Insurance Corporation and Joseph Yazbeck.
No. 2001 CA 2041.
Court of Appeal of Louisiana, First Circuit.
September 27, 2002.
Robert H. Matthews, New Orleans, Counsel for Plaintiff-Appellant Tracy Mark Knight.
David R. Paddison, Covington, Counsel for Defendant-Appellee Joseph Yazbeck.
Before: PARRO, JAMES[1] and PATTERSON,[2] JJ.
JAMES, J.
This is an appeal by the plaintiff from a trial court judgment dismissing, with prejudice, the plaintiff's claims against one of the defendants for failure to state a cause *637 of action. For the reasons that follow, we affirm the judgment of the trial court.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY[3]
Plaintiff, Tracy Mark Knight, filed this suit for damages against Joseph Yazbeck, William M. Magee, the law firm of Magee and Devereux, and Westport Insurance Company. According to the petition, Knight suffered damages from a malicious prosecution initiated against him in 1998. In 1999, Knight retained Magee and the law firm to represent him in an action for damages arising out of this malicious prosecution. Knight claims he subsequently discovered that Magee and the law firm had not filed the lawsuit on his behalf in a timely fashion and had, therefore, allowed the cause of action to prescribe.
The petition next states that Knight met with Yazbeck on January 27, 2000, to discuss the payments due on a promissory note held by Yazbeck. The note was secured by a mortgage on certain property owned by Knight and his wife.[4] At this meeting, Knight advised Yazbeck that he and his wife had entered into an agreement to sell the property encumbered by this mortgage on or before March 1, 2000. Knight then requested an agreement from Yazbeck that he would forbear collection of sums due on the mortgage note until the act of sale took place. Knight alleges that Yazbeck orally agreed to this request.
Knight further alleges that on February 7, 2000, he notified Magee through another attorney that he intended to file a legal malpractice claim against Magee for Magee's failure to timely file Knight's malicious prosecution claim. On that same day, Magee allegedly filed a petition for executory process on behalf of Yazbeck, seeking to foreclose on Knight's property in accordance with the terms of the mortgage. Knight was served with a copy of this petition at the closing for the sale of the property. He claims that after receiving the notice of seizure, he was notified that approximately $10,000 of his proceeds from the sale would be applied to Magee's legal fees for handling the foreclosure proceedings.[5] After notification of these demands, Knight canceled the sale.
Knight subsequently commenced negotiations with Magee in an effort to allow the sale to proceed. In the course of these negotiations, Magee purportedly demanded that Knight execute an affidavit stating that he had no claim for legal malpractice against Magee and the law firm. Magee also allegedly demanded that Knight's proceeds from the sale be applied to payment of an additional promissory note held by Magee. This note was not related to the foreclosure proceedings and was being litigated in a separate matter. Knight acknowledges that he consented to these terms but claims that this consent was vitiated by duress.
Finally, Knight alleges he ultimately learned that Yazbeck had initiated the foreclosure proceeding because Magee had prevailed upon him to do so. Knight further alleges that Magee wanted the proceedings commenced in order to recover *638 his malpractice insurance deductible and monies due on the promissory note.
Yazbeck responded to the lawsuit against him by filing a peremptory exception pleading the objection of no cause of action, arguing that La. R.S. 6:1121-1123 prohibit a debtor from maintaining an action against a creditor based on an oral credit agreement.[6] After a hearing, the trial court sustained the peremptory exception and dismissed Knight's claims against Yazbeck with prejudice. This appeal by Knight followed.

DISCUSSION
The function of an exception pleading the objection of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1235 (La.1993). The exception is triable on the face of the petition, and all well-pleaded allegations of fact must be accepted as true. A court should sustain the exception only if the law affords no remedy under any evidence that is admissible under the pleadings. Ultra Fabricators, Inc. v. MC Bank and Trust Company, 97-1947, p. 4 (La.App. 1st Cir.9/25/98), 724 So.2d 210, 212, writ denied, 98-2682 (La.12/18/98), 732 So.2d 1238.
In reviewing a trial court's ruling sustaining an exception raising the objection of no cause of action, the appellate court should subject the case to a de novo review. The exception raises a question of law, and the trial court's decision is based only on the sufficiency of the petition. Fink v. Bryant, XXXX-XXXX, p. 4 (La.11/29/01), 801 So.2d 346, 349. Any doubts are resolved in favor of the sufficiency of the petition. Treasure Chest Casino, L.L.C. v. Parish of Jefferson, 96-1010, p. 5 (La.App. 1st Cir.3/27/97), 691 So.2d 751, 755, writ denied, 97-1066 (La.6/13/97), 695 So.2d 982. The question, therefore, is whether, in the light most favorable to the plaintiff, and with every doubt resolved in his behalf, the petition states any valid cause of action for relief. Home Distribution, Inc. v. Dollar Amusement, Inc., 98-1692, p. 5 (La.App. 1st Cir.9/24/99), 754 So.2d 1057, 1060.
The issue in this appeal is whether Louisiana law allows a debtor to recover damages from a non-bank creditor based on an oral agreement by the creditor to forbear collection of sums due on a promissory note. Knight argues that his claim against Yazbeck falls outside the scope of the Louisiana credit agreement statutes, La. R.S. 6:1121-1124, and is, therefore, not barred by its provisions.
The Louisiana credit agreement statutes, in effect provide a statute of frauds in actions based on credit agreements as defined in La. R.S. 6:1121(1). Ultra Fabricators, Inc., 97-1947 at p. 5, 724 So.2d at 213. The promise to forbear constitutes a "credit agreement," which is defined by La. R.S. 6:1121(1) as "an agreement to lend or forbear repayment of money or goods or to otherwise extend credit, or make any other financial accommodation."
La. R.S. 6:1122 provides that "[a] debtor shall not maintain an action on a credit agreement unless the agreement is in writing, expresses consideration, sets forth the relevant terms and conditions, and is signed by the creditor and the debtor." Section 1122 thus precludes an action based on a credit agreement, including a *639 promise to forbear, unless that agreement is in writing.
Knight does not claim that the forbearance agreement he allegedly had with Yazbeck was in writing; nor does he dispute that the Louisiana credit agreement statute require credit agreements to be in writing. Instead, Knight argues that the Louisiana credit agreement statutes do not apply to the instant matter because Yazbeck is not in the class of creditors the statutes were intended to cover.
Title 6 of the Louisiana Revised Statutes, in which the Louisiana credit agreement statutes are found, is entitled "BANKS AND BANKING." Knight argues that this title indicates that the credit agreement statutes were only intended to apply to banks and other financial institutions. Because Yazbeck is a private individual and not a bank, Knight opines, the provisions of the Louisiana credit agreement statutes do not apply. Knight further argues that if the statutes are inapplicable, he should be able to rely on parol evidence to prove his forbearance agreement with Yazbeck. This argument misses the mark.
La. R.S. 6:1121(2) defines a "creditor" as a financial institution or any other type of creditor that extends credit or extends a financial accommodation under a credit agreement with a debtor. "Financial institution" is defined as a bank, savings and loan association, savings banks, or credit union authorized to transact business in this state. La. R.S. 6:1121(4). The definition of creditor is clearly not limited to banks or other financial institutions as it also includes any other type of creditor. Yazbeck undoubtedly fits within the definition of "any other creditor."
Knight next argues in the alternative that he should be allowed an opportunity to amend his petition in order to state a cause of action such as fraud, conspiracy to injure, detrimental reliance, and/or promissory estoppel. In support of this argument, Knight relies on Diamond Services, Corp. v. Benoit, 99-0765 (La.App. 3d Cir.12/8/99), 757 So.2d 23, reversed on other grounds, XXXX-XXXX (La.2/21/01), 780 So.2d 367. In that case, the Third Circuit expressed concern that unsophisticated borrowers may not be protected by a strict enforcement of the Louisiana credit agreement statutes that would preclude all actions arising from oral credit agreements regardless of the theory of recovery asserted. Therefore, the Third Circuit allowed a defendant to assert a reconventional demand alleging fraud on the part of the plaintiff where that fraud arose out of an oral credit agreement. Knight argues that a similar result is required here.
However, Fleming Irrigation, Inc. v. Pioneer Bank & Trust Com., 27,262 (La. App.2d Cir.8/23/95), 661 So.2d 1035, writ denied, 95-2357 (La.12/8/95), 664 So.2d 427, the plaintiffs filed a lender liability action against a bank seeking damages arising out of an alleged oral agreement to lend money. The plaintiffs asserted that the Louisiana credit agreement statutes precluded causes of action based on breach of contract, but did not bar recovery under alternative theories such as fraudulent or tortious misrepresentation, negligence, promissory estoppel, or detrimental reliance. The Second Circuit disagreed and held that such suits were barred by the statutes and stressed that each of the alternative theories of recovery relied on the alleged oral promises. Therefore, the court determined that allowing recovery on theories other than breach of contract would "simply provide an easy avenue for resourceful attorneys to circumvent the statute," thus defeating the legislature's intent to bar claims against a lender for damages based on oral representations. Fleming Irrigation, Inc., 27,262 at p. 6, *640 661 So.2d at 1039.[7] The First Circuit has previously stated its agreement with the Second Circuit on this issue in the matter of Guzzardo-Knight v. Central Progressive Bank, 99-1449 (La.App. 1st Cir.6/23/00), 762 So.2d 1243, writ denied, 2000-2298 (La.6/15/01), 793 So.2d 208.
In the matter before this court, the alleged failure of Yazbeck to honor the oral agreement to forbear is central to any theory of liability Knight could allege. Any cause of action Knight may have under the facts of this case can only have its genesis in the alleged oral agreement to forbear. To allow Knight to recover damages based on these other legal theories, where the breach of the creditor's oral promise to forbear forms the very basis of those alternative legal theories, would render the statutes meaningless. See Guzzardo-Knight, 99-1449 at p. 7, 762 So.2d at 1247. Because the Louisiana credit agreement statutes bar any cause of action arising out of the oral agreement to forbear Knight may have against Yazbeck, there is nothing to be gained by allowing Knight to amend his petition to state a cause of action against Yazbeck under these facts.

CONCLUSION
For the foregoing reasons, we affirm the decision of the trial court dismissing the claims of Tracy Mark Knight against Joseph Yazbeck with prejudice. All costs of this appeal are assessed to the plaintiff-appellant, Tracy Mark Knight.
AFFIRMED.
NOTES
[1] Judge A. Clayton James, retired, is serving as judge pro tempore by special assignment of the Louisiana Supreme Court.
[2] Michael A. Patterson is serving as judge pro tempore by special assignment of the Louisiana Supreme Court.
[3] Because the trial court decided this matter pursuant to a peremptory exception pleading the objection of no cause of action, the only facts before this court are those alleged in plaintiff's petition.
[4] Knight and his wife subsequently divorced, and she is not a party to these proceedings.
[5] Knight and his wife were separated at the time the act of sale was to take place. Knight alleges in the petition that only his share of the proceeds were subject to these demands by Magee.
[6] Yazbeck also filed a dilatory exception of vagueness. The trial court did not rule on that exception, and it is not before this court.
[7] The Louisiana Supreme Court declined to adopt the blanket rule of Fleming Irrigation, Inc. in the case of Whitney National Bank v. Rockwell, 94-3049, p. 13 (La.10/16/95), 661 So.2d 1325, 1332, n. 6, choosing instead to confine its holding to the claim before it.