# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 15, 2010

Lyle W. Cayce
Clerk

No. 09-30790

ERIN BURKS,

Plaintiff-Appellant,

versus

PRUDENTIAL INSURANCE COMPANY OF NORTH AMERICA,
Doing Business as Prudential Financial Group;
LIBERTY MUTUAL FIRE INSURANCE COMPANY,
Doing Business as Liberty Mutual Insurance Co.,
Doing Business as Liberty Mutual;
PRINCIPAL RESIDENTIAL MORTGAGE, INC.;
CITIMORTGAGE, INC., as a Division of Subsidiary of Citicorp,
a Successor-by-Merger to Principal Residential Mortgage, Inc.,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
No. 2:06-CV-4173

No. 09-30790

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]


Erin Burks appeals a summary judgment and the denial of a new trial. Finding no error, we affirm.


I.

Burks filed a state suit for damages against The Prudential Insurance Company of North America d/b/a Prudential Financial Group, Liberty Mutual Fire Insurance Company, Principal Residential Mortgage, Inc., CitiMortgage, Inc., Chubb Ins. Co. d/b/a Vigilant Insurance Company, and her agent, Jay Trusheim, in July 2006, alleging property casualties sustained during Hurricane Katrina and other related injuries during that time period. Burks alleged that defendants failed to obtain and renew flood insurance for her property, breached a forbearance agreement relating to her mortgage payments, and failed to notify her of an insurance lapse before the hurricane. The case was removed to federal court under federal question jurisdiction.

Defendants argue that the closing documents show no flood insurance was ever required. They contend that there was no detrimental reliance, that no forbearance agreement was reached, and that Burks's insurance had plainly lapsed before the hurricane.

The district court granted summary judgment for defendants on all claims. It found that the defendants did not owe Burks a duty to escrow and pay for flood insurance on her mortgaged property. The court also granted summary judgment to defendants on the forbearance issue, finding no legally enforceable

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-30790

forbearance agreement.  The court held that Burks's Standard Flood Insurance Policy ("SFIP") had expired prior to Hurricane Katrina, so summary judgment was appropriate.  Lastly, the court dismissed the claims Burks attempted to assert against Principal Residential Mortgage, which ceased to exist following a merger with CitiMortgage in January 2005.

## II.

We review a summary judgment *de novo.  Sandstad v. C.B. Richard Ellis, Inc.*, 309 F.3d 893 (5th Cir. 2002).  Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c)(2).  The non-moving party must come forward with specific facts showing a genuine issue for trial.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, summary judgment is appropriate.  *Id.*

We review the denial of a motion for new trial for abuse of discretion. *Marcel v. Placid Oil Co.*, 11 F.3d 563, 568 (5th Cir. 2004) (citing *Brunnemann v. Terra Int'l, Inc.*, 975 F.2d 175, 177 (5th Cir. 1992)).  "The general rule is that a district court's denial or grant of a new trial is within its discretion and is ordinarily nonreviewable save for an abuse of that discretion or misapprehension of the law." *Evers v. Equifax, Inc.*, 650 F.2d 793, 796 (5th Cir. Unit B July 1981).

## III.

The district court's finding that CitiMortgage owed Burks no legal duty to pay premiums for flood insurance is correct.  Even assuming Burks's intent to purchase flood insurance, the final, signed contract specifically excluded flood insurance.  That contract included no duty for CitiMortgage to procure, maintain,

No. 09-30790

escrow for, or pay premiums for flood insurance. To support her argument, Burks points to three pre-closing documents: two estimates prepared by ALS, a third party mortgage broker, and a flood insurance application prepared by Burks and ALS. But Burks's application for flood insurance was not accepted; the final, signed closing documents show no flood insurance. Thus, no contract for flood insurance was formed.

Additionally, the pre-closing documents were prepared by ALS, not the defendants. The record makes it plain that ALS was not acting as the defendants' agent. Detrimental reliance requires a representation to be made by the defendant or his agent.[1] Because no such representation was made, Burks's detrimental-reliance argument must fail. Even assuming, *arguendo*, that such a representation was made, Burks's reliance on that representation would have been unreasonable. She had several documents showing no flood insurance was in effect.

Similarly, Burks's argument for a forbearance is legally inaccurate. In her brief, Burks alleges an oral forbearance agreement. Under Louisiana law, however, only a written forbearance agreement has legal effect.[2]

The district court correctly dismissed the suits against Prudential. Citi-Mortgage assumed all of Principal's rights, interests, and obligations following its acquisition of Principal, which no longer exists and cannot be sued in its own right.[3] Burks offers no evidence to the contrary.

---

[1] *See Audler v. CBC Innovis Inc.,* 519 F.3d 239, 254 (5th Cir. 2008) (quoting *Suire v. Lafayette City-Parish Consol. Gov't*, 907 So. 2d 37 (La. 2005)) (requiring appellant to prove (1) a representation by conduct or word, (2) justifiable reliance, and (3) a change in one's position as a result of that reliance).

[2] "La. Rev. Stat. Ann. § 6:1122 precludes an action based on a credit agreement, including a promise to forbear, unless that agreement is in writing." *Knight v. Magee*, 835 So. 2d 636 (La. App. 1st Cir. 2002).

[3] *Offshore Logistics Servs., Inc. v. Arkwright-Boston Mfg. Mut. Ins.,* 469 F. Supp. 1099,
(continued...)

No. 09-30790

Burks has given us no reason to believe that the SFIP had not lapsed before the hurricane. As a matter of law, the SFIP became effective on the date of the loan closing, June 23, 2003.[4] The renewal terms are pellucid, and it is undisputed that the renewal premium was never paid. The one-year policy expired on June 23, 2004, well before Burks contacted Liberty Mutual/Prudential about the hurricane damage suffered in 2005. Summary judgment for the defendants was appropriate.

Finally, the district court correctly denied a new trial. There has been no change in intervening law, no new evidence is available, and there is no need to correct an obvious error of law or fact or to prevent injustice. *See Schiller v. Physicians Res. Group, Inc.* 342 F.3d 563 (5th Cir. 2003).

AFFIRMED.

---

[3] (...continued)
1102 (E.D. La. 1979) ("The assets and liabilities of merging corporations are the responsibility of the surviving corporation.").

[4] 44 C.F.R. 61.11(b) ("Where the initial purchase of flood insurance is in connection with the making, increasing, extension, or renewal of a loan, the coverage with respect to the property which is the subject of the loan shall be *effective as of the time of the loan closing*, provided the written request for the coverage is received by the NFIP and the flood insurance policy is applied for and the presentment of payment of premium is made at or prior to the loan closing.") (emphasis added).