# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 16-960

**MARY FISHER, ET AL**

**VERSUS**

**THE TOWN OF BOYCE, ET AL.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 255497
HONORABLE WILLIAM GREGORY BEARD, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## BILLY HOWARD EZELL
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Marc T. Amy, Billy Howard Ezell, and Shannon J. Gremillion, Judges.

**REVERSED AND REMANDED.**

**Daniel Elmo Broussard, Jr.**
**Broussard, Halcomb & Vizzier**
**P. O. Box 1311**
**Alexandria, LA 71301**
**(318) 487-4589**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
**Robert Hamilton**
**Mary Fisher**
**Eddie Washington**

**Randall Brian Keiser**
**Keiser Law Firm, PLC**
**P. O. Box 12358**
**Alexandria, LA 71303**
**(318) 704-6471**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**The Town of Boyce**
**Alma Moore**

**Ruby Norris Freeman**
**Assistant District Attorney**
**P. O. Box 1472**
**Alexandria, LA 71309**
**(318) 442-9200**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**The Town of Boyce**
**Alma Moore**

**EZELL, Judge**.

Chief Eddie Washington appeals the decision of the trial court below granting exceptions of no right of action and no cause of action in favor of Mayor Alma Moore and the Town of Boyce. For the following reasons, we reverse the decision of the trial court.

Mary Fisher and Robert Hamilton were employees of the Town of Boyce Police Department. Eddie Washington was the elected chief of that police department. In February and March of 2016, Mayor of Boyce, Alma Moore, fired the officers over the objections of Chief Washington. Both officers filed suit against Mayor Moore and the Town of Boyce, seeking a declaratory judgment that their terminations violated the law and seeking a mandatory injunction ordering their reinstatement to the police department. Chief Washington later intervened in the suit, alleging the same facts and seeking the same remedies. Mayor Moore and Boyce filed exceptions of no right of action and no cause of action against the officers and Chief Washington. The trial court denied the exceptions as to the officers but granted them as to Chief Washington, thereby dismissing his claims. From that decision, Chief Washington appeals.

On appeal, Chief Washington asserts two assignments of error: the trial court erred in granting the exception of no right of action and the exception of no cause of action. We agree.

**No Right of Action**

Louisiana Code of Civil Procedure Article 681 provides that actions must be brought "only by a person having a real and actual interest which he asserts." An exception of no right of action is used in order to determine whether a plaintiff belongs to a class of individuals to which the law grants the cause of action. *Reese*

*v. State Dept. of Public Safety and Corr.*, 03-1615 (La. 2/20/04), 866 So.2d 244. In considering the exception, the court determines whether "the particular plaintiff has a right to bring the suit, but it assumes that the petition states a valid cause of action for some person and questions whether the plaintiff in the particular case is a member of the class that has a legal interest in the subject matter of the litigation." *Id*. at 246. A ruling on an exception of no right of action is considered de novo on appeal. *St. Martin v. Willard*, 03-204 (La.App. 3 Cir. 6/25/03), 848 So.2d 773, *writ denied*, 03-2058 (La. 11/14/03), 858 So.2d 426. Accordingly, we will examine the trial court's decision de novo.

Chief Washington did not directly file suit against Mayor Moore, but rather intervened in the suit filed by his two subordinate officers. The law and jurisprudence surrounding interventions was discussed in *Palace Properties, L.L.C. v. City of Hammond*, 02-1263, pp.7-8 (La. App. 1 Cir. 6/27/03), 859 So.2d 15, 20 (alteration in original):

> Louisiana Code of Civil Procedure article 1091 provides as follows:
>
> > A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:
> >
> > (1) Joining with plaintiff in demanding the same or similar relief against the defendant;
> >
> > (2) Uniting with defendant in resisting the plaintiff's demand; or
> >
> > (3) Opposing both plaintiff and defendant.
>
> In *Livingston Downs Racing Association, Inc. v. State, Through Edwards*, 96-1988, p. 6 (La.App. 1 Cir. 9/23/97), 700 So.2d 1021, 1023, this court set forth the requirements that must be satisfied before a party will be allowed to intervene.

> Article 1091 and the cases construing that provision establish that the requirement for intervention is two-fold: the intervenor must have a justiciable interest in, and a connexity to, the principle action. *Niemann v. American Gulf Shipping, Inc.*, 96-687, p. 6 (La.App. 5 Cir. 1/15/97), 688 So.2d 42, 45, *writ denied*, 97-0404 (La.3/27/97), 692 So.2d 397. In *Amoco Production Company v. Columbia Gas Transmission Corporation*, 455 So.2d 1260, 1264 (La.App. 4th Cir.), *writs denied*, 459 So.2d 542, 543 (La.1984), the court defined the term "justiciable right" as it is used in the context of an intervention as "the right of a party to seek redress or a remedy against either plaintiff or defendant in the original action or both, and where those parties have a real interest in opposing it."

> . . . .

> The cases hold that the justiciable right must be "so related or connected to the facts or object of the principal action that a judgment on the principal action will have a direct impact on the intervenor's rights". *Amoco Production Company v. Columbia Gas Transmission Corporation*, 455 So.2d at 1264; *Chrysler First Financial Services Corp. v. ZIA Corporation*, 542 So.2d 87, 89 (La.App. 1st Cir.1989).

Here, we must decide if Chief Washington's claims are sufficiently related or connected to the facts or object of the other officers' suit that a judgment on the principal action will have a direct impact on his rights so as to give him a right of action in the suit.

The officers claim in their original petition that Mayor Moore went beyond the scope of her duties when she fired them, in violation of La.R.S. 33:404 and La.R.S. 33:423. Chief Washington likewise set forth that allegation. Louisiana Revised Statutes 33:404 states, in pertinent part (emphasis ours):

> A. The mayor shall have the following powers, duties, and responsibilities:

> (1) To supervise and direct the administration and operation of all municipal departments, offices, and agencies, **other than a police department with an elected chief of police**, in conformity with

ordinances adopted by the board of aldermen and with applicable provisions of state law . . . .

. . . .

(3) Subject to applicable state law, ordinances, and civil service rules and regulations, to appoint and remove municipal employees, **other than the employees of a police department with an elected chief of police**.

Louisiana Revised Statutes 33:423 reads, in pertinent part (emphasis ours):

C. (1)(a) Notwithstanding the provisions of Subsection A of this Section or any other law to the contrary, the elected chief of police of any municipality governed by the provisions of this Part is authorized to immediately effect disciplinary action on police personnel and to dismiss any such personnel subject to the approval of the governing authority of the municipality. Any such disciplinary action or dismissal shall be deliberated by the governing authority at the first special or regular meeting of the governing authority after any such determination has been made by the chief of police.

(b) Notwithstanding any other provision of law to the contrary, **the elected chief of police in any municipality with a population of not less than one thousand persons and not more than one thousand five persons as of the latest federal decennial census is authorized to effect disciplinary action on police personnel** *without* **the approval of the governing authority of the municipality**.

. . . .

(b) Notwithstanding any other provision of law to the contrary, **the elected chief of police in any municipality with a population of not less than one thousand persons and not more than one thousand five persons as of the latest federal decennial census is authorized to appoint police personnel**, including the authority to make provisional appointments, subject to the budgetary limitations of the chief of police pertaining to the number of allotted positions for the police department. **All appointments shall be subject to the concurrence of the mayor of the municipality**.

The Town of Boyce has a population of 1,004, narrowly squeezing into the unusually precise range established by La.R.S. 33:423. Further, statute applies, as Chief Washington is also an elected chief of police. As such, it is clear that Chief Washington has a legal interest in the hiring and firing of officers in his department.

While hires require consent of Mayor Moore, disciplinary actions do not. And while La.R.S. 33:423 does not state that the governing authority of the municipality cannot also ultimately fire Boyce police employees, reading La.R.S. 33:423 in conjunction with La.R.S. 33:404, which expressly states that Mayor Moore can remove municipal employees, **other than the employees of a police department with an elected chief of police,** it is clear that the Mayor alone cannot remove a Boyce Police Department officer. As such, if Mayor Moore exceeded her authority, as alleged by Chief Washington and the officers, Chief Washington would have his rights as elected chief to discipline his department under La.R.S. 33:423 undermined and usurped by Mayor Moore.

Chief Washington's stated rights under La.R.S. 33:423(C)(1)(b) are real and actual interests. Furthermore, those interests are sufficiently connected to the facts or object of the principal action such that a judgment on the officers' suit will have a direct impact on his rights as Chief of Police. As such, Chief Washington has a right of action against Mayor Moore, and the trial court erred in granting the exception of no right of action.

**No Cause of Action**

> The function of an exception pleading the objection of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. *Everything on Wheels Subaru, Inc. v. Subaru South, Inc.*, 616 So.2d 1234, 1235 (La.1993). The exception is triable on the face of the petition, and all well-pleaded allegations of fact must be accepted as true. A court should sustain the exception only if the law affords no remedy under any evidence that is admissible under the pleadings. *Ultra Fabricators, Inc. v. MC Bank and Trust Company*, 97-1947, p. 4 (La.App. 1st Cir.9/25/98), 724 So.2d 210, 212, *writ denied*, 98-2682 (La.12/18/98), 732 So.2d 1238.

> In reviewing a trial court's ruling sustaining an exception raising the objection of no cause of action, the appellate court should subject the case to a *de novo* review. The exception raises a question

5

of law, and the trial court's decision is based only on the sufficiency of the petition. *Fink v. Bryant*, 2001-0987, p. 4 (La.11/29/01), 801 So.2d 346, 349. Any doubts are resolved in favor of the sufficiency of the petition. *Treasure Chest Casino, L.L.C. v. Parish of Jefferson*, 96-1010, p. 5 (La.App. 1st Cir.3/27/97), 691 So.2d 751, 755, *writ denied*, 97-1066 (La.6/13/97), 695 So.2d 982. The question, therefore, is whether, in the light most favorable to the plaintiff, and with every doubt resolved in his behalf, the petition states any valid cause of action for relief. *Home Distribution, Inc. v. Dollar Amusement, Inc.*, 98-1692, p. 5 (La.App. 1st Cir.9/24/99), 754 So.2d 1057, 1060.

*Knight v. Magee*, 01-2041, p. 4 (La. App. 1 Cir. 9/27/02), 835 So.2d 636, 638.

Thus, in the instant case, the question is whether, accepting the well-pleaded facts in the petition as true, the law affords Chief Washington a remedy under those facts.

Declaratory Judgment

Chief Washington's petition for intervention first asks for a declaratory judgment averring that Mayor Moore's actions in terminating the two officers violated La.R.S. 33:404 and 33:423. Louisiana Code of Civil Procedure Article 1871 authorizes the judicial declaration of "rights, status, and other legal relations whether or not further relief is or could be claimed." Further, "the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. The declaration shall have the force and effect of a final judgment or decree." *Id.* Louisiana Code of Civil Procedure Article 1872 designates who can bring such an action: "A person . . . whose rights, status, or other legal relations are affected by a statute . . . may have determined any question of construction or validity arising under the . . . statute . . . and obtain a declaration of rights, status, or other legal relations thereunder."

"Louisiana courts have consistently held that declaratory relief is available to decide a justiciable controversy, meaning a presently existing, actual and

6

substantial dispute, but the courts are not empowered to render advisory opinions on moot or abstract issues of law." *Robertson v. Caddo Parish*, 36,540, p. 4 (La.App.2 Cir. 12/11/02), 833 So.2d 1139, 1142, *writ denied*, 03-729 (La. 4/23/04), 870 So.2d 284, (citing *American Waste & Pollution Control Co. v. St. Martin Parish Police Jury*, 627 So.2d 158 (La.1993)). The distinction between a declaratory judgment and a conventional judgment is explained in the Official Revision Comments for La. Code Civ. P. art. 1871, as follows:

> The conventional type of judgment embodies two elements: (1) an ascertainment or declaration of the rights of the parties (usually implied); and (2) a specific award of relief. The declaratory judgment embodies only the first element which, of course, is always express. There is actually no such thing as a declaratory action, even if the sole relief prayed for is a declaratory judgment. The action is identical, regardless of whether greater or lesser relief is prayed for; the difference is only as to the type of judgment to be rendered.

The function of a declaratory judgment is simply to establish the rights of the parties or express the opinion of the court on a question of law without ordering anything to be done. *Watts v. Aetna Cas. & Sur. Co.*, 574 So.2d 364 (La.App. 1 Cir.), *writ denied*, 568 So.2d 1089 (La.1990); *State, Dep't of Transp. & Dev. v. Sugarland Ventures, Inc.*, 476 So.2d 970 (La.App. 1 Cir.), *writ denied,* 478 So.2d 909 (La.1985). A declaratory judgment action authorizes a court ruling on certain types of issues even though those issues would not be "justifiable" in an ordinary action.

It is clear, as noted above, that Chief Washington is a person who possesses rights granted by La.R.S. 33:423. Chief Washington he has maintained that his status under that law has been affected by Mayor Moore's allegedly illegal firings of the two officers. Taking his allegations of Mayor Moore's actions are true, he could be entitled to a declaratory judgment to that effect, as he has a legally

protectable and tangible interest in hiring and firing within his department. Accordingly, Chief Washington has stated a proper cause of action for the remedy of a declaratory judgment. The trial court thus erred in dismissing that claim.

Mandatory Injunction

Chief Washington further claims that the trial court erred in granting the exception of no cause of action as to his claims for mandatory injunction seeking the reinstatement of the two fired officers to their jobs.

> [A] mandatory injunction, one which requires someone to do an act, differs greatly from an injunction which merely seeks to protect the status quo. When the status quo is a condition "not of rest, but of action, and the condition of rest is exactly what will inflict the irreparable injury upon the complainant," a mandatory injunction is appropriate. *Cason*[*v. Chesapeake Operating, Inc*., 47,084 (La.App.2d Cir. 04/11/12), 92 So.3d 436, *writ denied*, 12-1290 (La. 09/28/12), 98 So.3d 840].
>
> In *City of New Orleans v. Board of Directors of Louisiana State Museum*, 98–1170 (La.03/02/99), 739 So.2d 748, . . . [t]he court, at 739 So.2d at 756, stated:
>
>> A mandatory injunction commands a party to take specific action. A mandatory injunction may not be issued on a merely prima facie showing that the party seeking the injunction can prove the necessary elements; instead, the party must show by a preponderance of the evidence at an evidentiary hearing that he is entitled to the preliminary injunction.

*Tokyo Japanese Steakhouse, Inc. v. Sohn*, 47,897, p.3 (La. App. 2 Cir. 5/15/13), 114 So.3d 543, 545.

Louisiana Code of Civil Procedure Article 3601 authorizes the issuance of an injunction "in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law. . . ." Chief Washington contends that he does not need to prove irreparable harm at trial, because, he contends, Mayor Moore's actions violated La.R.S. 33:404 and 33:423.

8

For the purposes of our analysis under the current exception, we agree. In *Jurisich v. Jenkins*, 99–76 (La. 10/19/99), 749 So.2d 597, the supreme court established an exception to the irreparable harm requirement. The requisite showing of irreparable injury is dispensed with "when the conduct sought to be restrained is unconstitutional or unlawful, *i.e.*, when the conduct sought to be enjoined constitutes a direct violation of a prohibitory law and/or a violation of a constitutional right." *Id.* at 599 (citing *South Cent. Bell Tel. Co. v. Louisiana Pub. Serv. Comm'n*, 555 So.2d 1370 (La.1990)). Thus, under *Jurisich*, "[o]nce a plaintiff has made a prima facie showing that the conduct to be enjoined is reprobated by law, the petitioner is entitled to injunctive relief without the necessity of showing that no other adequate legal remedy exists." *Id.*

Chief Washington's principal claims in his petition for intervention rest on the allegation that Mayor Moore exceeded her powers as established by law. Again, Chief Washington has a tangible interest in running his department as allowed by law. That would be directly affected by Mayor Moore acting beyond the scope of her statutorily-delegated powers in disciplining Chief Washington's employees. Taking Chief Washington's allegations as true and viewing those claims in the light most favorable to him, and with every doubt resolved in his behalf, the petition does states a valid cause of action for relief in the form of a mandatory injunction reinstating the officers. Whether Chief Washington can prevail at trial on the merits remains to be seen; however, the trial court did err in granting the exception of no cause of action.

For the above reasons, the decision of the trial court granting the exceptions of no right of action and no cause of action is hereby reversed and remanded for

further proceedings.  Costs of this appeal are hereby assessed against Mayor Moore and the Town of Boyce.

**REVERSED AND REMANDED.**