NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 18-357


DARRELL EUGENE WATTS, JR.

VERSUS

MARY BEGNAUD


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2017-4349
HONORABLE KRISTIAN DENNIS EARLES, DISTRICT JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of John D. Saunders, Billy Howard Ezell, and Candyce G. Perret, Judges.


**AFFIRMED.**

**Craig A. Ryan**
**Emily Breaux**
**The Onebane Law Firm**
**P. O. Box 3507**
**Lafayette, LA 70502-3507**
**(337) 237-2660**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Mary Begnaud**

**Jeremy C. Cedars**
**Lineage Law, LLC**
**4615 Parliament Drive, Ste 202**
**Alexandria, LA 71303**
**(318) 767-2226**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Darrell Eugene Watts, Jr.**

**EZELL, Judge.**

Darrell Watts appeals a trial court judgment which granted exceptions of no right of action and no cause of action in favor of Mary Begnaud. For the following reasons, we affirm the judgment of the trial court.

**FACTS**

Mr. Watts, in proper person, filed a "PETITION FOR IMMEDIATE RESTORATION OF POSSESSION OF MOVEABLE PROPERTY" on July 25, 2017, naming Ms. Begnaud as Defendant. According to Mr. Watts' petition, Mr. Watts and Ms. Begnaud are the members of Lane Outdoors, LLC. Lane Outdoors' business activities included tree trimming, storm remediation, landscaping services, and similar activities. Ms. Begnaud bought a Ram 3500 truck, a Caterpillar skid steer loader, and an equipment trailer for use in the business. Mr. Watts alleges that Ms. Begnaud entered his private property on July 18, 2017, and took the skid steer loader and equipment trailer. On that same day, Ms. Begnaud and a police officer went to the Economy Inn in Carencro where Mr. Watts was living and took the truck.

In connection with his petition, Mr. Watts also filed a "MOTION FOR INJUNCTION TO PROHIBIT DAMAGE, TRANSFERANCE OF OWNERSHIP, OR DISPOSITION OF THE POSSESSION OF MOVEABLE PROPERTY." An order was signed prohibiting Ms. Begnaud from disposing of the property.

Mr. Watts also filed a petition for protection from stalking against Ms. Begnaud. Subsequently, Ms. Begnaud filed a motion challenging Mr. Watts' pauper status. She also filed exceptions of no right and/or no cause of action. The hearing on Ms. Begnaud's motions was set for August 2017.

In August 2017, Mr. Watts obtained counsel to represent him in the case. By agreement among counsel, the hearing on the exceptions was continued. Hearing was reset for December 2017. Counsel for Mr. Watts then informed the court that Mr. Watts would not pursue the protective order filed against Ms. Begnaud, so the protective order was dismissed.

On October 10, 2017, counsel notified Mr. Watts that he would no longer represent Mr. Watts. Mr. Watts was notified of the hearing set for December 11, 2017. On December 11, 2017, Mr. Watts, in proper person, filed a memorandum opposing Ms. Begnaud's exceptions. At the December hearing, Mr. Watts represented that he did not get any notice from his counsel that he was withdrawing, but the letter in the record showed that it was mailed to Mr. Watts on October 10, 2017. The trial court continued the matter to January 16, 2018. Due to weather issues in January, the matter had to once again be rescheduled for February 14, 2018. Present counsel for Mr. Watts did not enroll in the matter until February 12, 2018, and asked that the hearings once again be continued.

The hearing proceeded on February 14. Mr. Watts failed to appear for the hearing, but another person showed up on his behalf. The person was not the attorney who had just enrolled as counsel of record but was instead an attorney who had a Tennessee law license but no license to practice in Louisiana. The trial court did not permit the Tennessee attorney to argue on behalf of Mr. Watts. Counsel for Ms. Begnaud argued against a continuance because Mr. Watts knew since October 2017, that he had to obtain counsel for the February hearing. Agreeing with counsel, the trial court then heard the matter. The trial court granted Ms. Begnaud's exceptions of no right and no cause of action. The trial court also denied Mr. Watts' motions since he was not present at the hearing. Judgment was

signed on February 14, 2018, dismissing Mr. Watts' petition. Mr. Watts then filed the present appeal, now represented by counsel.

## EXCEPTIONS OF NO RIGHT AND NO CAUSE OF ACTION

"Both of the peremptory exceptions of no right of action and no cause of action pose . . . questions of law. Accordingly, we review these exceptions de novo." *Richard v. Richard*, 09-539, p. 3 (La.App. 3 Cir. 11/4/09), 24 So.3d 292, 294-95. The exceptions of no right and no cause of action are often pleaded together but are separate and distinct exceptions. La.Code Civ.P. art. 927(A)(5) and (A)(6); *Badeaux v. SW. Comput. Bureau, Inc.*, 05-612, 05-719 (La. 3/17/06), 929 So.2d 1211.

The exception of no right of action focuses on whether the plaintiff has a right to bring suit. *Id.* In considering the exception of no right of action, the court determines whether:

> the particular plaintiff has a right to bring the suit, but it assumes that the petition states a valid cause of action for some person and questions whether the plaintiff in the particular case is a member of the class that has a legal interest in the subject matter of the litigation.

*Reese v. State Dep't. of Pub. Safety and Corrs.*, 03-1615, p. 3 (La. 2/20/04), 866 So.2d 244, 246.

The exception of no cause of action focuses on whether the law provides a remedy against the defendant. *Badeaux*, 929 So.2d 1211. An exception of no cause of action should be granted "only if the law affords no remedy under any evidence that is admissible under the pleadings." *Fisher v. Town of Boyce*, 16-960, p. 5 (La.App. 3 Cir. 4/5/17), 219 So.3d 342, 347, *writ denied*, 17-1051 (La. 10/9/17), 227 So.3d 837 (quoting *Knight v. Magee*, 01-2041, p. 4 (La.App. 1 Cir. 9/27/02), 835 So.2d 636, 638).

Mr. Watts argues that he has sufficiently pled that he has a right of action to bring causes of action for civil trespass to chattel and conversion. Louisiana Civil Code Article 2315 provides relief for both trespass and conversion. *Dual Drilling Co. v. Mills Equip. Invs., Inc.*, 98-343, 98-356 (La. 12/1/98), 721 So.2d 853; *MCI Commc'ns Servs., Inc. v. Hagan*, 11-1039 (La. 10/25/11), 74 So.3d 1148. Both causes of action arise when a person's ownership or possessory rights in property are disturbed. Both require lack of consent by the owner or possessor. *Id.*

Mr. Watts claims that Ms. Begnaud interfered with his right to possess the property. In his memorandum opposing the exceptions filed by Ms. Begnaud, Mr. Watts argued that he is not asserting that he or Lane Outdoors has an ownership interest in the property. Instead he claims that he has a right to use the property to fulfill his obligations to Lane Outdoors and to earn a living.

"To acquire possession, one must intend to possess as owner and must take corporeal possession of the thing." La.Civ.Code art. 3424; *Richard*, 24 So.3d 292. "A judicial confession is a declaration made by a party in a judicial proceeding. That confession constitutes full proof against the party who made it." La.Civ.Code art. 1853. "[A]n admission by a party in a pleading constitutes a judicial confession and is full proof against the party making it." *Whittington v. QBE Specialty Ins. Co.*, 12-409, p. 6 (La.App. 3 Cir. 11/7/12), 105 So.3d 797, 802, *writ denied*, 12-2646 (La. 1/25/13), 105 So.3d 723 (quoting *C.T. Traina, Inc. v. Sunshine Plaza, Inc.*, 03-1003, p. 5 (La. 12/3/03), 861 So.2d 156, 159.) Mr. Watts' admission that he is not the owner of the equipment forecloses any right to assert a cause of action for trespass or conversion since he did not possess the equipment as owner.

4

Mr. Watts further alleges that he has hinted at additional causes of action which are not directly pled but could be inferred from the petition. He argues that he should be allowed to amend his petition pursuant to La.Code Civ.P. art. 934 to further develop these causes of action. Mr. Watts alleges the petition can be amended to plead sufficient facts to set forth the causes of action for breach of fiduciary duty, tortious interference with a contract, and removal of the limited liability veil. Ms. Begnaud argues that Mr. Watts cannot assert new causes of action for the very first time on appeal.

"[A]ppellate courts can look at the petition to determine if the facts stated therein afford the plaintiff any sound cause of action, regardless of whether or not the newly raised cause of action was brought before the trial court." *Washington Mut. Bank v. Monticello*, 07-1018, p. 11 (La.App. 3 Cir. 2/6/08), 976 So.2d 251, 258, *writ denied*, 08-530 (La. 4/25/08), 978 So.2d 369. This is because the appellate court conducts a de novo review of the record and is at liberty to make an independent decision. *Id.*

In his petition, Mr. Watts' sole request for relief is the return of the equipment. He is not seeking any damages. We recognize that La.Code Civ.P. art. 862 provides that a final judgment shall grant a party all relief he is entitled to even when he has not demanded such relief in his pleadings. However, when damages are not prayed for, granting judgment on any tort causes of action would be futile. *Stubbs v. Imperial Oil & Gas Prods. Co.*, 164 La. 689, 114 So. 595 (1927).

Although La.Code Civ.P. art. 934 provides that if the grounds for the exception of no cause of action "may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court," it also provides that "[i]f the grounds of the objection raised

through the exception cannot be so removed," the matter should be dismissed. There is no amendment that can add a valid cause of action which would allow the return of the property to Mr. Watts that he admittedly did not own. We find that the grounds cannot be removed by amendment.

For the foregoing reasons, we affirm the trial court's grant of the peremptory exceptions of no right of action and no cause of action and dismissal of the claims of Darrell Watts against Mary Begnaud. We assess all costs of this appeal against Darrell Watts.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2-16.3.